UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CASE NUMBER: _____

TINA L. RIGGS
526 SHENANDOAH DR
FRANKFORT KY 40601

    PLAINTIFF

V.

**COMPLAINT FOR ENFORCEMENT OF CIVIL LIABILITY
PURSUANT TO THE FAIR CREDIT REPORTING ACT
FOR WILLFUL VIOLATION; ACTUAL & PUNITIVE DAMAGES;
ATTORNEY'S FEES; WITH JURY DEMAND**

GMAC MORTGAGE, LLC
    SERVICE OF PROCESS:

    CSC-LAWYERS INCORPORATING SERVICE COMPANY
    421 WEST MAIN STREET
    FRANKFORT, KY 40601

CHASE HOME FINANCE LLC
    SERVICE OF PROCESS:

    C. T. CORPORATION SYSTEM
    KENTUCKY HOME LIFE BLDG
    LOUISVILLE, KY 40202

    DEFENDANTS

***** *****

    Comes now the Plaintiff, Tina L. Riggs, by and through counsel, and for her Complaint for relief against the Defendants states as follows:

1

## JURISDICTION AND VENUE

1. That jurisdiction is conferred upon this court pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681 et seq., and 28 U.S.C. §1331.

2. This Court has jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue is proper in this division since the unlawful conduct alleged to have taken place occurred in Franklin County where the Plaintiff resides and the damage to Plaintiff's credit was incurred there.

3. Plaintiff, Tina L. Riggs, is an individual who resides in Frankfort, Franklin County, Kentucky. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a. Plaintiff is a consumer who sought financing for various types of loans within the Eastern District of Kentucky, primarily a loan for financing the purchase of a home.

4. The Defendant, GMAC Mortgage, LLC ("GMAC"), is a foreign limited liability company created under the laws of Delaware and is authorized to conduct business in the Commonwealth of Kentucky. GMAC is an information furnisher and/or user of consumer credit reports, as defined by the FCRA and is subject to the requirements of 15 U.S.C. §1681s-2.

5. The Defendant, Chase Home Finance, LLC ("Chase"), is a foreign limited liability company created under the laws of Delaware and is authorized to conduct business in the Commonwealth of Kentucky. Chase is an information furnisher and/or user of consumer credit reports, as defined by the FCRA and is subject to the requirements of 15 U.S.C. §1681s-2.

6. That all of the wrongful acts which Defendants are alleged to have committed originated in Franklin County, Kentucky.

7. That at all times relevant hereto, the Defendants have been conducting business in Franklin County, in the Commonwealth of Kentucky, which is located in the Eastern District of Kentucky, Frankfort Division on a continuous basis.

8. That at all times relevant hereto, Defendants acted by and through its agents, servants, or employees who were acting within the scope of their employment.

9. That venue lies in this District under 28 U.S.C. §1391(b) as the majority of Defendants' discriminatory acts occurred in Franklin County in the Eastern District of Kentucky.

## ALLEGATIONS

10. Plaintiff restates and realleges paragraphs 1 - 9, as if fully set forth here.

11. On or about February 8, 2005, the Plaintiff obtained relief under Chapter 7 of the Bankruptcy Code, Case Number 04-46985 by receiving a discharge of her debts.

12. On or about August 28, 2009, Plaintiff applied for financing to purchase a home and observed an account on her credit report reported by the Defendant GMAC. The account was a second mortgage assigned to GMAC from Homecoming Financial Net. The report of the account indicates that Plaintiff owes a balance of $41,874.00 and that it is an open account, despite having been listed in the Plaintiff's Chapter 7 discharge from February 8, 2005.

13. On or about August 20, 2007, Plaintiff previously disputed the account and sent a letter via U.S. mail to Homecoming Financial Net. A true copy of this dispute letter is attached hereto as Exhibit "A".

14. Despite having sent a dispute on August 20, 2007, on or about September 18, 2009, Plaintiff's bankruptcy counsel again sent a dispute letter to the Defendant, GMAC, requesting that the appropriate action be taken to correct her credit report. A true copy of this dispute letter is attached hereto as Exhibit "B".

15. Neither the predecessor, Homecoming Financial Net, nor GMAC have responded to the demands of the Plaintiff from August 20, 2007 or from September 18, 2009, nor taken the proper action to correct her credit report.

16. On or about August 28, 2009, Plaintiff applied for financing to purchase a home and observed an account on her credit report reported by the Defendant Chase Home Finance, LLC. The account was an unsecured line of credit. The report of the account indicates that Plaintiff owes a high balance of $3,575.00 and that it is an open account, despite having been listed in the Plaintiff's Chapter 7 discharge from February 8, 2005.

17. On or about August 20, 2007, Plaintiff previously disputed the Chase account and sent a letter via U.S. mail and fax to Chase Manhattan Mortgage. A true copy of this dispute letter is attached hereto as Exhibit "C".

18. Despite having sent a dispute on August 20, 2007, on or about September 18, 2009, Plaintiff's bankruptcy counsel again sent a dispute letter to the Defendant, Chase, requesting that the appropriate action be taken to correct her credit report. A true copy of this dispute letter is attached hereto as Exhibit "D".

19. Chase has not responded to the demands of the Plaintiff from August 20, 2007 or from September 18, 2009, nor taken the proper action to correct her credit report.

20. On or about August 28, 2009, Plaintiff applied for financing of a home through Stockton Mortgage Company. Plaintiff was informed that she her credit report would not qualify her for the purchase of a home, and/or that her interest rate would not be favorable for the purchase of a new home.

21. On or about August 28, 2009, Plaintiff was informed by Stockton Mortgage Company that the above listed Accounts were listed as delinquent and/or adversely affected her

credit report by showing a high debt to earnings ratio. This in turn caused her credit rating to be inadequate.

22. On or about August 28, 2009, Plaintiff obtained her credit report and identified that her account information was still erroneously listed despite having disputed the information previously.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, §1681s-2

23. Plaintiff restates and realleges paragraphs 1 - 23, as if fully set forth here.

24. The above-described conduct of Defendant GMAC, as assignee of Homecomings Financial Net, violated the FCRA, including but not limited to 15 U.S.C. §1681s-2(b), in that Defendant GMAC knew from the information in its files that the account had been discharged by Plaintiff in Plaintiff's bankruptcy and, therefore, that the negative information in Plaintiff's credit report was incorrect; nevertheless, Defendant GMAC willfully refused to report the correct information to the credit reporting agencies, including but not limited to, TransUnion, Experian, Equifax, and CSC. In the alternative, Defendant GMAC failed to conduct an investigation with respect to the disputed information and/or failed to review all relevant information before reporting to the credit reporting agencies, including but not limited to, TransUnion, Experian, Equifax, and CSC, also in violation of 15 U.S.C. §1681s-2(b).

25. In continuing to violate the Act despite written notice, Defendant GMAC acted intentionally, willfully, recklessly, and in total disregard for Plaintiff's rights.

26. As a direct and proximate result of this violation, Plaintiff's credit was damaged, she suffered humiliation and embarrassment, she suffered damages as a result of being unable to obtain financing, she was forced to expend time and money in attempting to eradicate this matter

from her credit, and is entitled to damages as provided by the FCRA. In addition to actual and/or compensatory damages, Defendant GMAC is liable to Plaintiff in a sum to be assessed by the trier of fact for willful violation of the FCRA.

27. The above-described conduct of Defendant Chase, violated the FCRA, including but not limited to 15 U.S.C. §1681s-2(b), in that Defendant Chase knew from the information in its files that the account had been discharged by Plaintiff in Plaintiff's bankruptcy and, therefore, that the negative information in Plaintiff's credit report was incorrect; nevertheless, Defendant Chase willfully refused to report the correct information to the credit reporting agencies, including but not limited to, TransUnion, Experian, Equifax, and CSC. In the alternative, Defendant Chase failed to conduct an investigation with respect to the disputed information and/or failed to review all relevant information before reporting the correct information to the credit reporting agencies, including but not limited to, TransUnion, Experian, Equifax, and CSC, also in violation of 15 U.S.C. §1681s-2(b).

28. In continuing to violate the Act despite written notice, Defendant Chase acted intentionally, willfully, recklessly, and in total disregard for Plaintiff's rights.

29. As a direct and proximate result of this violation, Plaintiff's credit was damaged, she suffered humiliation and embarrassment, she suffered damages as a result of being unable to obtain financing, she was forced to expend time and money in attempting to eradicate this matter from her credit, and is entitled to damages as provided by the FCRA. In addition to actual and/or compensatory damages, Defendant Chase is liable to Plaintiff in a sum to be assessed by the trier of fact for willful violation of the FCRA.

30. Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees.

WHEREFORE, Plaintiff prays as follows:

1. For a judgment in a fair and reasonable amount, jointly and severally, against the Defendants GMAC Mortgage LLC and Chase Home Finance, LLC for damages suffered by the Plaintiff, including all statutory enhancements of damages;

2. For a trial by jury;

3. For liquidated damages;

4. For pre and post judgment interest at the statutory rate of interest;

5. For punitive damages;

6. For reasonable attorney fees and costs as permitted by 15 U.S.C. §§1681n and 1681o;

7. For an order directing that the Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;

8. For an order directing the Defendants to immediately cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

9. For any and all other relief Plaintiff may be entitled.

Respectfully Submitted,

*/s/ Douglas C. Howard*
_____
Douglas C. Howard (KBA #87489)
Howard Law Group, P.L.L.C.
227 W Main St, Ste 4
PO Box 562
Frankfort, KY 40602
Ph: (502) 352-4950
Doug@HowardLawGroup.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On December 21, 2009, I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Douglas C. Howard, and I mailed this document and the notice of electronic filing to:

GMAC MORTGAGE, LLC
    SERVICE OF PROCESS:

    CSC-LAWYERS INCORPORATING SERVICE COMPANY
    421 WEST MAIN STREET
    FRANKFORT, KY 40601

CHASE HOME FINANCE LLC
    SERVICE OF PROCESS:

    C. T. CORPORATION SYSTEM
    KENTUCKY HOME LIFE BLDG
    LOUISVILLE, KY 40202

                                  */s/ Douglas C. Howard*
                                  _____
                                  Douglas C. Howard
                                  Counsel for the Plaintiff